**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lincoln, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>Arizona Department of Public Safety, and Gila County Sheriff's Office,<br><br>    Defendants. | CIV-09-2387-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Terry Lincoln's Motion for Leave to Amend Complaint (Doc. #30). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

**BACKGROUND**

At all times relevant to this cause of action, Plaintiff was an employee of the Arizona Department of Public Safety ("DPS"). In 2007, she was assigned to the Gila County Narcotics Task Force, a joint operation between DPS and the Gila County Sheriff's Office ("GCSO"). In 2009, the sergeant position she occupied on the Task Force was abolished for alleged budgetary reasons and Plaintiff was assigned to a vacant sergeant position on the Highway Patrol.

In May 2009, Plaintiff (through her attorney) sent a notice of claim to DPS, the Arizona Attorney General, and the Gila County Attorney. On October 22, 2009, Plaintiff filed her Verified Complaint in Superior Court, alleging five causes of action: (1) Disparate Treatment/Title VII; (2) Sexual Harassment and Hostile Work Environment/Title VII; (3)

1 Retaliation/Title VII; (4) Equal Pay Act; and (5) Arizona Civil Rights Act ("ACRA"). The named Defendants were DPS and GCSO. The action was removed to federal court on November 16, 2009.

The parties subsequently consented to Magistrate Judge jurisdiction, and on February 4, 2010, the Court issued its Case Management Order. Then, on March 8, 2010, Plaintiff moved for leave to amend her Verified Complaint.

In her proposed First Amended Complaint, Plaintiff withdraws the claim alleged pursuant to the Equal Pay Act, and proposes to add three new state-law tort claims in addition to her claims alleged pursuant to Title VII and ACRA: Tortious Interference with Contractual Relations (Count V); Aiding and Abetting Tortious Conduct (Count VI), and Blacklisting (Count VII). She also proposes to add thirteen more Defendants: the State of Arizona, Roger Vanderpool, Gila County, the Gila County Board of Supervisors (specifically including Shirley Dawson, Tommie Cline Martin, and Michael Pastor), John Armer, the Gila County Narcotics Task Force, Jaime Escobedo, Jimmy Oestmann, Johnny Sanchez, and Dean Nyhart.

On March 23, 2010, GCSO filed its response, and on March 25, 2010, DPS filed its response. Plaintiff filed her Reply on April 2, 2010.

**DISCUSSION**

In her Motion, Plaintiff contends that she seeks amendment in good faith in order to ensure complete adjudication of all related claims, and against all Defendants, in one action. Plaintiff states that this is her first request, and that the proposed amendment will not unduly prejudice any of the Defendants. Plaintiff also asserts that the proposed amendment is not futile because it timely raises legitimate claims against both existing and new Defendants.

In its response, GCSO first argues that Plaintiff's proposed amendment "lacks decipherable facts to determine who is being sued and what theories are being advanced against them." GCSO also contends that the proposed amendment is futile as to John Armer and Johnny Sanchez claiming (1) that Title VII precludes liability against individual

supervisors, and (2) that Plaintiff failed to serve a notice of claim pursuant to A.R.S. § 12-821.01. Additionally, GCSO asserts that the proposed amendment is futile as to Gila County, the Gila County Board of Supervisors, and the Gila County Narcotics Task Force stating (1) that Plaintiff failed to serve a notice of claim concerning Counts V-VII, and (2) that the doctrine of *respondeat superior* prohibits actions against the master where the actions cannot lie against the servants. Lastly, GCSO alleges that the proposed inclusion of Counts V and VII are futile because said Counts fail to state a claim.

In its separate response, DPS argues that the proposed amendment to add Roger Vanderpool, Jaime Escobedo, Jimmy Oestmann, and Dean Nyhart is futile. Specifically, DPS asserts that the existing claims of discrimination and retaliation pursuant to Title VII and ACRA against these proposed Defendants fail since Title VII is inapplicable to individuals. DPS also contends the proposed state law tort claims against these individuals fail because Plaintiff did not serve a notice of claim on each of them. Finally, DPS alleges that "all of Plaintiff's proposed tort claims are doomed" as the proposed Amended Complaint contains "conclusory recitation[s]" of the required elements.

Federal Rule of Civil Procedure 15(a) declares that "[t]he court should freely give leave [to amend] when justice so requires." The Ninth Circuit has noted that "Rule 15's policy of favoring amendments should be applied with extreme liberality." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). A court may deny a motion to amend, however, if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendments. See Foman v. Davis, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing prejudice, futility, or one of the other recognized reasons for denying a motion to amend. See DCD Programs, LTD. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

Having reviewed Plaintiff's proposed First Amended Compliant, the Court agrees in part with GCSO and finds that sufficient doubt exists regarding which claims asserted in the Amended Complaint apply to which Defendants. Specific identification of the parties to the

1  activities alleged by Plaintiff is required to enable Defendants to plead intelligently. The
2  Court will allow Plaintiff to correct this issue.

3  Further, to the extent Plaintiff asserts claims pursuant to Title VII and ACRA against
4  individual Defendants, putting aside the fact that the proposed Amended Complaint includes
5  virtually no specific allegations regarding the alleged conduct of each individual, it is well-
6  established that "individual defendants cannot be held liable for damages under Title VII."
7  Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587 (9th Cir. 1993); see Holly D. v. Cal. Inst.
8  of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) ("We have consistently held that Title VII does
9  not provide a cause of action for damages against supervisors or fellow employees."). As
10 such, it would be futile to permit Plaintiff to amend her Complaint to allege Title VII claims
11 for damages against individual Defendants named in her proposed Amended Complaint. The
12 Court, however, will give Plaintiff the opportunity to correct this deficiency.

13 Next, both GCSO and DPS appear to assert a futility argument stating that the
14 proposed amendment is futile in light of Plaintiff's failure to file a notice of claim pursuant
15 to A.R.S. § 12-821.01. Although the requirement of filing a notice of claim with the State
16 is a mandatory prerequisite to Plaintiff's state law claims, these requirements are procedural,
17 rather than jurisdictional. See Pritchard v. State, 788 P.2d 1178, 1183 (Ariz. 1990). Thus
18 an allegation of compliance with the notice of claim is not required, and the failure to comply
19 with these nonjudicial remedies that are not jurisdictional should be treated as a matter in
20 abatement, and resolved through an appropriate motion to dismiss, if applicable. Similarly,
21 GCSO and DPS' contention that the proposed amendment fails to state a claim or is
22 "doomed" as it contains "conclusory recitation[s]" of the required elements is unpersuasive.
23 The merits or facts of a controversy are not properly decided in a motion for leave to amend
24 and should instead be attacked by a motion to dismiss for failure to state a claim or for
25 summary judgment.
26 \\\
27 \\\
28

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. #30) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff shall file a First Amended Complaint that shall contain the corrections identified in the body of this Order no later than May 28, 2010.

**DATED** this 6th day of May, 2010.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge